# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 24-1949V

| | |
|---|---|
| BRADLEY HAYES,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: July 10, 2025 |

*Brynna Gang*, Kraus Law Group, LLC, Chicago, IL, for Petitioner.

*Crystal Fialkowski*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING DAMAGES**[1]

On November 22, 2024, Bradley Hayes filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, after receiving an influenza ("flu") vaccine on October 10, 2023. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 10, 2025, I issued a ruling on entitlement, finding Petitioner entitled to compensation for his SIRVA. In this case, Respondent filed a combined Rule 4(c) Report and Proffer of Damages ("Rule 4(c) Report and Proffer") indicating Petitioner should be awarded $55,325.00, representing compensation in the amounts of $55,000.00 for past pain and suffering and $325.00 for past unreimbursable expenses. Rule 4(c) Report and

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Proffer at 6. Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Rule 4(c) Report and Proffer.

Pursuant to the terms stated in combined Rule 4(c) Report and Proffer,[3] **I award Petitioner a lump sum payment of $55,325.00, representing compensation in the amounts of $55,000.00 for actual pain and suffering and $325.00 for actual unreimbursable expenses, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Because the Rule 4(c) Report and Proffer contains detailed medical information, it will not be filed as an attachment to this Decision.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| BRADLEY HAYES,<br><br>              Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | No. 24-1949V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S RULE 4(c) REPORT
CONCEDING ENTITLEMENT TO COMPENSATION
AND PROFFER OF DAMAGES**

On November 22, 2024, Bradley Hayes ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered a left shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, as the result of an influenza ("flu") vaccination received on October 10, 2023. Petition at 1.

In accordance with Vaccine Rule 4(c), the Secretary of Health and Human Services ("respondent") submits the following as his responsive report. Medical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services ("DICP") have reviewed the petition and medical records filed in the case. Their opinion is that this case is appropriate for compensation under the terms of the Act.

## FACTUAL SUMMARY

I. <u>Pre-Vaccination History and Vaccination</u>

Petitioner's medical history appears non-contributory to the claim at issue. Petitioner was forty-six years old when he received the flu vaccine in his right deltoid on October 10, 2023, at Quincy Medical Group Urgent Care in Mount Sterling, Illinois. Petition at 1; Ex. 1 at 10.

II. <u>Onset</u>

On November 9, 2023, thirty days post-vaccination, petitioner presented to Heather Lansaw, APRN, at Memorial Health Clinic complaining of right shoulder pain that "began [one] month ago when [he] got a flu shot." Ex. 4 at 39. Petitioner stated that "he felt a sharper pain when [the nurse] gave it to him more than a normal shot should feel like." *Id*. He reported that Aleve and Advil did not provide relief, and he denied experiencing any numbness or tingling. *Id*. Nurse Lansaw noted pain in the lateral deltoid area on examination but recorded no range of motion deficits. *Id*. at 40. Nurse Lansaw diagnosed a right upper arm strain and prescribed cyclobenzaprine and diclofenac. *Id*. at 39.

III. <u>Treatment</u>

Petitioner's pain persisted, and he initiated physical therapy at Memorial Hospital Therapy Clinic on December 14, 2023. Ex. 2 at 15. Petitioner wrote "Oct 10th flu shot, quick onset of pain in R shoulder. Instead of improving has worsened . . ." on his intake form. *Id*. at 7. At his initial evaluation, he reported that "the pain began immediately" after the injection and that "the shot felt a bit different." *Id*. at 15. The physical therapist noted the pain was local to the glenohumeral joint "with occasional radiation into the upper brachium (achy)." *Id*. Petitioner told his physical therapist he had been prescribed anti-inflammatories and muscle relaxers but had stopped taking them "due to no perceived benefit." *Id*. On examination,

petitioner demonstrated mild range of motion deficits and weakness in his right arm compared to his left. *Id*. at 16-17. The physical therapist noted that petitioner's "subjective reports and objective findings are consistent with right [glenohumeral] intracapsular inflammation, possibly prolonged by mild derangement secondary to vaccine injection." *Id*. at 17-18.

On February 1, 2024, petitioner was discharged from physical therapy after completing seven sessions. Ex. 2 at 53. At his last session, petitioner had not met his physical therapy goals and still had "occasional pain/stiffness in [his] right shoulder." *Id*. at 54. Petitioner was instructed to continue with a home exercise program, which he reported had provided some relief. *Id*.

Petitioner returned to Memorial Health Clinic on April 9, 2024, reporting that his right shoulder pain "persisted[,] just not as severe." Ex. 4 at 36. Petitioner reported "trouble lifting his arm [and] weakness with abduction and forward flexion." *Id*. Petitioner felt that physical therapy and his previous prescriptions had not "helped much." *Id*. On examination, Kelli Turner, PA, noted "[w]eakness and limitations with [range of motion] in abduction and forward flexion." *Id*. at 37. An x-ray was normal. *Id*. at 38. PA Turner prescribed meloxicam and referred petitioner to an orthopedist. *Id*. at 36.

Petitioner presented to orthopedist Rishi Sharma, MD, at the Springfield Clinic on April 17, 2024. Ex. 5 at 23. Petitioner attributed his ongoing right shoulder pain to his October flu vaccine and reported that while his pain had improved, it persisted and caused discomfort. *Id*. Dr. Sharma performed a thorough physical examination, during which petitioner exhibited "shoulder range of motion without pain, discomfort, or crepitation," and "no tenderness to palpation." Petitioner further exhibited "full strength in deltoids, biceps, triceps, supraspinous,

3

infraspinous, teres minor, and subscapularis." *Id*. However, impingement testing was positive.[1] *Id*. Dr. Sharma referred petitioner for a right shoulder MRI. *Id*. at 24.

An MRI taken on May 7, 2024, showed mild acromioclavicular osteoarthritis with mild subacromial subdeltoid bursitis, partial intrasubstance tears of the distal supraspinatus [and] infraspinatus tendons, and small glenohumeral joint effusion. Ex. 3 at 11. At a follow-up appointment on May 8, 2024, Dr. Sharma diagnosed right shoulder impingement syndrome. Ex. 5 at 20-21. Dr. Sharma noted that the MRI did not support surgical intervention and suggested "functional progression from here on out." *Id*. at 21. Dr. Sharma prescribed nabumetone and recommended petitioner resume physical therapy. *Id*. at 19, 21.

Petitioner returned to physical therapy on June 24, 2024, and reported that "his shoulder ha[d] improved . . . but remain[ed] weak and tender and ha[d] not recovered completely." Ex. 5 at 16. At a session on July 10, 2024, petitioner reported that his shoulder was "roughly 90% better." *Id*. at 13. Petitioner attended two additional sessions on July 17, 2024, and July 26, 2024. Ex. 7 at 13-15.

Petitioner returned on Dr. Sharma for the last time on August 7, 2024, for a right shoulder follow-up appointment. Ex. 7 at 11. Petitioner reported that his arm "no longer limits him, nor does it affect his quality of life" and that he noticed "about a 95% improvement." *Id*. at 11. An examination revealed "minimal signs of impingement." *Id*. at 13. Dr. Sharma concluded, "[a]t this point in time, I think he is doing well. My recommendation and suggestion is for functional progression from here on out" and follow-up care as needed. *Id*. No additional medical records documenting further shoulder treatment have been filed.

---

[1] Hawkins, empty can, Neer's, Speed's and Yergason's testing was positive. Ex. 5 at 23. A drop arm test was negative, however. *Id*.

IV.     Duration of injury

Petitioner received treatment for his shoulder injury through August 7, 2024, approximately ten months post-vaccination, with a treatment gap of approximately two months between February 1, 2024, and April 9, 2024.

V.      Summary of treatment

Over the course of approximately ten months, petitioner underwent the following treatment for his shoulder symptoms:

- Eleven sessions of physical therapy; and
- Four prescription medications (cyclobenzaprine, diclofenac, meloxicam, and nabumetone).

## ANALYSIS

As noted above, DICP has reviewed the petition and medical records filed in this case and has concluded that compensation is appropriate. DICP has concluded that petitioner's alleged injury is consistent with SIRVA as defined by the Vaccine Injury Table. Specifically, petitioner had no history of pain, inflammation, or dysfunction of his right shoulder prior to vaccination; pain likely occurred within forty-eight hours after receipt of an intramuscular vaccination; pain and reduced range of motion was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain. 42 C.F.R. §§ 100.3(a), (c)(10). Additionally, based on the medical records outlined above, petitioner suffered the residual effects of his condition for more than six months. Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act. *See* 42 U.S.C. § 300aa-13(a)(1)(B); 42 U.S.C. § 300aa-11(c)(1)(D)(i).

**PROFFER**

I.      Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

    A.      Pain and Suffering

Respondent proffers that petitioner should be awarded $55,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    B.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $325.00. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

The above amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II.     Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]: a lump sum payment of $55,325.00, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner. Petitioner agrees.

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

## CONCLUSION

Respondent recommends that the Chief Special Master enter a decision finding petitioner entitled to compensation for a right-sided SIRVA occurring within the Table timeframe following petitioner's October 10, 2023 flu vaccination, and that the court award $55,325.00 for all damages available under Section 15(a) of the Vaccine Act. This amount does not include reasonable attorneys' fees and litigation costs, which will be determined at a later date.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

/s/ Crystal Fialkowski
CRYSTAL FIALKOWSKI
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 307-0786
Crystal.Fialkowski@usdoj.gov

Date: June 20, 2025